IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEATH CLAUSSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3072 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| VERLYN LUEBBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Heath Claussen, a prisoner in the custody of the Nebraska Department of Correctional Services. The plaintiff, proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging violations of his right to due process while he was in the custody of Pierce County, Nebraska.

The plaintiff has sued officials of Pierce County in their individual and official capacities. When a County employee is sued in his or her *official* capacity, the real defendant is the County itself. In other words, a lawsuit against a government employee in his or her official capacity is actually a suit against the governmental employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). A county is liable to a plaintiff for civil rights violations only if the violations result from a "custom" or "policy" of the County, or a County agency. Under 42 U.S.C. § 1983, an employer may not be held liable for constitutional injuries merely because those injuries were inflicted by employees or other persons. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989).

When completing forms for service of process on defendants in their official capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states:

> (2) Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

The address of the Pierce County Clerk is: Pierce County Clerk, 111 West Court Room

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

1

1, Pierce, NE 681767.

On the other hand, government employees themselves, in their *individual* capacity, may be sued for any conduct of their own which proximately caused a violation of the plaintiff's civil rights. A defendant in his or her individual capacity may be served wherever the defendant may be found, e.g., at home or at work.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send three summons forms and three Form 285s to the plaintiff together with a copy of this Order.

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. The first summons form and Form 285 shall be completed for service of process on the Pierce County Sheriff's Office as well as the Sheriff and County Attorney, in their official capacity. The Sheriff's Office and the official-capacity defendants denote the County itself. Neb. Rev. Stat. § 25-510.02(2) states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Therefore, the first summons form and Form 285 shall be addressed to the Pierce County Sheriff's Office, Sheriff Rick Eberhart, in his official capacity, and County Attorney Verlyn Luebbe, in his official capacity, c/o the Pierce County Clerk, 111 West Court Room 1, Pierce, NE 681767.

4. The second summons form and Form 285 shall be addressed to wherever Sheriff Rick Eberhart, in his individual capacity, may be found, e.g., at home or work.

5. The third summons form and Form 285 shall be addressed to wherever County Attorney Verlyn Luebbe, in his individual capacity, may be found, e.g., at home or work.

6. Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons form, to be forwarded, together with a copy of the complaint to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the

summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

7. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on the defendant within 120 days of the date of this order may result in dismissal of this matter without further notice.

8. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

9. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies on other parties by first class mail.

10. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

11. The defendants shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

12. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

13. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 9th day of May, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A Form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process on your behalf and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons. the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendants, you must file a motion for leave to amend your complaint to add the others to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served. The U.S. Marshal will not know a defendant's address.

7. Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print <u>your</u> name and address.

8. Where a form 285 states:   "send notice of service copy to requestor at name and address" print <u>your</u> name and address.

9. Where a form 285 calls for  "signature of attorney or other originator"  provide your signature and date the form.

10. Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.