IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATH CLAUSSEN, ) | |
| ) | |
| Plaintiff, ) | 4:05CV3072 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| VERLYN LUEBBE, et al., ) | |
| ) | |
| Defendants. ) | |

    This matter is before the court on filing no. 14, the Motion to Dismiss filed by defendant-Verlyn Luebbe, the Pierce County Attorney.[1] The plaintiff, Heath Claussen, a prisoner in the custody of the Nebraska Department of Correctional Services, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against the County Attorney and Sheriff of Pierce County, Nebraska. The plaintiff seeks damages for his illegal extended detention in the Pierce County Jail prior to charges and a probable cause determination. The plaintiff states that after his arrest, he spent from April 2, 2004 until May 5, 2004 in the Pierce County Jail under a probable cause affidavit which authorized his detention for only 48-72 hours. During that 31-day period, the prosecutor failed to file any charges against the plaintiff, and the Sheriff continued to hold the plaintiff, knowing that the plaintiff's constitutional rights were violated by the circumstances of the detention.

    Defendant-Luebbe correctly states that he is shielded by absolute prosecutorial immunity for his delay in filing charges against the plaintiff even though the plaintiff remained in detention illegally because of the delayed charges and probable cause determination. See Webster v. Gibson, 913 F.2d 510, 513-14 (8th Cir. 1990) (prosecutor has absolute immunity for civil rights claim based on denial of right to a prompt judicial determination of probable cause). See also Anderson v. Simon, 217 F.3d 472, 475-76 (7th

---

[1]Also before the court is filing no. 22, the plaintiff's Motion for Extension of Time to respond to discovery. In filing no. 22, the plaintiff asked for an extension until September of 2005. Filing no. 22 is granted instanter. If the plaintiff has not yet responded to any discovery requests served upon him by the Sheriff of Pierce County, he shall do so by February 10, 2006. The plaintiff no longer has to respond to any discovery requests served by the Pierce County Attorney, because that defendant's Motion to Dismiss is granted in this Memorandum and Order. In filing nos. 24 and 25, the plaintiff has filed some responses to discovery. However, responses to discovery should not be filed with the court and should instead be mailed directly to the attorney for the defendant without going through the court. The court does not become involved in discovery unless a dispute arises, and a party files a Motion to Compel or a Motion for a Protective Order after trying in good faith to resolve the dispute through letters to the opposing party or attorney.

Cir. 2000) (prosecutor is absolutely immune from claim predicated on delay in charging), cert. denied, 531 U.S. 1073 (2001).  Prosecutorial immunity does not mean that the defendant acted legally or correctly, but only that a prosecutor may not be sued for damages pursuant to 42 U.S.C. § 1983 for functions relating to decisions whether or not or when to initiate a prosecution.  Therefore, filing no. 14, defendant-Luebbe's Motion to Dismiss, will be granted.

On the other hand, the plaintiff has stated a claim on which relief may be granted against the Sheriff.  See Webster v. Gibson, 913 F.2d at 514.  I will request that Magistrate Judge F. A. Gossett enter a progression order scheduling the progression of this case against the remaining defendant.

THEREFORE, IT IS ORDERED:

1.That filing no. 14, the Motion to Dismiss filed by defendant-Verlyn Luebbe, is granted, and Mr. Luebbe is dismissed from this litigation;

2.That filing nos. 22, 24 and 25 are granted, but henceforth, the plaintiff shall serve discovery requests and responses directly on the attorney for the applicable defendant; and

3.That Magistrate Judge F. A. Gossett shall enter a progression order scheduling the progression of this case against the remaining defendant.

DATED this 23rd day of January, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge